[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The facts alleged in this faction for negligent infliction of emotional distress are summarized as follows:
On December 9, 1992, the plaintiff, Deborah Therrien ("Therrien"), a registered nurse employed by the defendant, Mount Sinai Hospital ("Sinai"), was punctured with a needle that was used in a surgical procedure. That day, Therrien reported the incident, completed an incident report, and submitted to a baseline HIV test. At this time, Sinai was in possession of a blood sample from the surgical patient. On December 10, 1992, Therrien requested that Sinai convene an exposure evaluation group pursuant to C.G.S. § 19a-582 to determine whether the circumstances of the incident would require a testing of the surgical patient's blood for HIV. Sinai refused Therrien's request to test the blood without a court order authorizing said testing. Upon the subsequent CT Page 5284-OOO initiation of this action, the surgical patient consented to a blood test. In her two count complaint filed on December 23, 1994, Therrien alleges that Sinai breached its duty in that it knew or should have known that its failure to properly and timely begin the statutory procedure needed to test the surgical patient's blood caused both Therrien and her husband, Paul Therrien, to suffer severe emotional distress and loss of consortium.
On November 12, 1995, Sinai filed this Motion to Strike primarily on the ground that her claim is barred by the exclusivity provision of the Worker's Compensation Act, Connecticut General Statutes § 31-284.
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Novametrix MedicalSystems. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail. Mingachosv. CBS, Inc., 196 Conn. 91, 108 (1985).
Chapter 368, AIDS Testing and Medical Information, Sec.19a-581 ("SB 812") et seq. invoked in the complaint sets forth a "remedy for an authorized disclosure of confidential HIV-related information." Balzac v. Stamford Hospital,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143645 (March 28, 1996, Tobin, J.).
In Doe v. Marselle, 236 Conn. 845 (1996), the court discussed the legislative history of this statute and analyzed statements made before the Connecticut Joint Committee Hearings on Public Health. The court summarized its interpretation of the statute's legislative intent by stating, "in short, the drafters of this legislation crafted the bill very carefully to give protection while also enabling those who care for people with AIDS and HIV infection to have access to information needed for the patient's care." Id., 858, citing Conn. Joint Standing Committee Hearings, Public Health, Pt. 3, 1989 Sess., p. 767. It further stated that, "disclosure of confidential HIV-related information is prohibited except in very limited and discrete circumstances . . . . Even health care CT Page 5284-PPP providers or persons who engage in occupational therapy who have had significant exposure to HIV infection are not entitled to his information unless they satisfy the rigid criteria listed in § 19a-583 (a)(7)." Id., 854-855.
In Barrett v. Danbury Hospital, 232 Conn. 242, 258
(1995) the Supreme Court stated "General Statutes § 19a-582, the operative provision of the chapter, sets out a requirement for informed consent prior to the performance of an HIV-related test, subject to certain exceptions. One such exception allows for the performance of an HIV-related test in the absence of consent: (1) "[i]n cases where a health care provider or other person . . . . in the course of his occupational duties has had a significant exposure."
General Statutes § 19a-582(e)(5) states in pertinent part: "in cases where a health care provider or other person, including volunteer emergency medical services, fire and public safety personnel, in the course of his occupational duties has had a significant exposure, provided the following criteria are met: (A) The worker is able to document significant exposure during performance of his occupation, (B) the worker completes an incident report within forty-eight hours of exposure identifying the parties to the exposure, witnesses, time, place and nature of the event, (C) the worker submits to a baseline HIV test within seventy-two hours of the exposure and is negative on that test, (D) the patient's or person's physician or, if the patient or person does not have a personal physician or if the patient's or person's physician is unavailable, another physician or health care provider has approached the patient or person and sought voluntary consent and the patient or person has refused to consent to testing, except in an exposure where the patient or person is deceased, (E) an exposure evaluation group determines that the criteria specified in subparagraphs (A), (B), (C), (D) and (F) of this subdivision are met and that the worker has a significant exposure to the blood of a patient or person and the patient or person, or the patient's or person's legal guardian refuses to grant informed consent for an HIV test. If the patient or person is under the care or custody of the health facility, correctional facility or other institution and a sample of the patient's blood is available, said bloodshall be tested . . . . No member of the exposure evaluation group who determines that a worker has sustained a CT Page 5284-QQQ significant exposure and authorized the HIV testing of patient or other person, nor the health facility, correctional facility or other institution, nor any person in a health facility or other institution who relies in good faith on the group's determination and performs that test shall have any liability as a result of his action carried out pursuant to this section, unless such person acted in bad faith." (Emphasis added.)
Construing the facts as alleged in favor of the plaintiff, it appears that Therrien is a health care provider who was working in the regular course of her duties when she was significantly exposed to potential HIV infection and that she met the necessary statutory criteria as outlined in the above facts. The sole basis for striking the complaint would be that plaintiff is barred from filing this action by the exclusivity provision of the Worker's Compensation Act, General Statutes § 31-284.
"The purpose of the worker's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." Jett v. Dunlap,179 Conn. 215, 217, 425 A.2d 1263 (1979). Where the claimed emotional distress arises "out of and in the course of her employment . . . the Worker's Compensation Act is the exclusive remedy for this work related injury." Saporoso v.Aetna Life Casualty Co., 221 Conn. 356, 366 (1992).
In Stepney v. Devereux Foundation, Superior Court, judicial district of Litchfield, Docket No. 065885 (July 17, 1995, Pickett, J.) the court stated: "section31-275(16)(B)(ii) . . . effectively overrules Crochiere v.Board of Education, 227 Conn. 333, 630 A.2d 1027 (1993), which held that mental disorders, even if not accompanied by physical trauma to the body, constitute an injury under the [Worker's Compensation Act] . . . . The amended definition provides that such an injury is not compensable or covered under the act. Therefore, a claim arising out of a mental or emotional impairment is not subject to the act's exclusivity provision since it does not arise "out of personal injury" as defined by the act. Sec. 31-284 (a). Accordingly, an employee may bring a common-law tort action against his employer for a mental or emotional impairment arising out of and in the course of employment that does not CT Page 5284-RRR arise from physical injury or occupational disease."
Here, Sinai claims that Therrien's pricked finger is the on-the-job injury which is the subject of her claim and therefore falls within the scope of coverage afforded under Worker's Compensation. However, the on-the-job injury, the pricked finger, was not the proximate cause of Therrien's claim of distress. Rather, her alleged emotional injuries arose as a direct result of Sinai's delay in failing to properly exercise its statutory duty to create an exposure committee to determine whether testing of the surgical patient's blood was warranted pursuant to § 19a-582(e)(5). As such, her injury did not arise out of the personal injury covered by the Act and may be pursued as a tort action under common law.
Defendant's motion to strike the plaintiff's complaint is denied.
Jerry Wagner State Trial Referee